Filed 8/2/21  P. v. Zubia CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARTHUR ZUBIA,<br><br>    Defendant and Appellant. | F080850<br><br>(Fresno Super. Ct. No. F18905432)<br><br><br>**OPINION** |

## THE COURT<sup>*</sup>

APPEAL from a judgment of the Superior Court of Fresno County.  Jon N. Kapetan, Judge.

Alex Green, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Franson, Acting P.J., Meehan, J. and De Santos, J.

## INTRODUCTION

Appellant and defendant Arthur Zubia pleaded no contest to felony vandalism and was placed on probation. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We affirm.

## FACTS[1]

On August 1, 2018, officers from the Clovis Police Department received a report from a couple that they believed defendant, their neighbor, vandalized their car by scraping paint from the entire passenger side. They reported that they saw him on their security camera walking around the car at 3:00 a.m. the prior morning.

Later that day, the officers again responded to the couple's residence because of a disturbance where defendant confronted the husband and threatened to beat him up. The officers contacted defendant at his home, arrested him, and advised him of the warnings pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436. Defendant admitted he used a piece of metal to damage the vehicle.

## PROCEDURAL BACKGROUND

On April 30, 2019, an information was filed in the Superior Court of Fresno County charging defendant with count 1, felony vandalism causing damage over $400 (Pen. Code, § 594, subd. (b)(1)),[2] with one prior strike conviction (§§ 667, subds. (b)–(i) & 1170.12, subds. (a)–(d)).

**Plea**

On June 20, 2019, defendant entered into a negotiated disposition and pleaded no contest to count 1, for felony probation and dismissal of the prior strike conviction, and imposition of stipulated victim restitution of $1,624.65.

---

[1] The following facts are from the preliminary hearing.

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

Defendant pleaded no contest in an unrelated case to misdemeanor vandalism and the court dismissed two other pending misdemeanor cases.

**Sentencing**

On July 31, 2019, defendant failed to appear for sentencing as ordered. The court ordered his bond forfeited and issued a bench warrant for his arrest.

On January 7, 2020, defendant appeared for the sentencing hearing in custody. Defense counsel stated defendant had a new misdemeanor case for contempt of court (§ 166). The prosecutor agreed to dismiss it.

The probation report stated defendant had nine actual days in custody plus eight conduct credits, for a total of 17 days. The probation officer advised the court that defendant's presentence credits had to be updated to 14 actual days plus 14 conduct credits, for a total of 28 days.[3]

The trial court found unusual circumstances supported a grant of probation based on defendant's age (§ 1203, subd. (e)(4)), and placed him on formal probation for three years subject to serving 365 days in county jail. Defendant did not object. In defendant's misdemeanor case, the court imposed a concurrent term of one year in county jail.

The court ordered that defendant pay victim restitution in the stipulated amount of $1,624.65 (§ 1202.4, subd. (f)), consistent with the terms of the negotiated disposition.

The court imposed and suspended a restitution fine (§ 1202.4, subd. (b)) and other fees, and found defendant lacked the ability to pay these amounts because of his age, poor health, and disability.

On January 21, 2020, defendant sent a letter to the court, in pro. per., requesting reconsideration of his county jail sentence because of various medical conditions, and for

---

[3] After the sentencing hearing, defendant sent a letter to the court, in pro. per., asking when he was scheduled to be released from jail and whether his presentence credits were correct. The court did not respond, likely because defendant's credits had already been corrected at the sentencing hearing.

the court to release him from custody and serve his remaining time at home with an ankle monitor.  On February 11, 2020, the trial court denied defendant's request.

On February 26, 2020, defendant filed a notice of appeal.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court.  The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court.  By letter on May 14, 2020, we invited defendant to submit additional briefing.  To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.